**James R. BENSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 5, 1971.

H. Hunter Durham, William G. Kenton, Shuffett, Kenton & Anderson, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

James R. Benson was convicted in the Fayette Circuit Court of unlawfully assaulting Virgil Davis, Jr., and robbing him. Benson received a sentence of ten years in the penitentiary. A codefendant, Maudene Mae Vance, was found not guilty. Benson appeals. We reverse.

On Monday night, February 20, 1967, Davis and Maudene left a tavern, and as they were walking down an alley, Davis was struck on the head and robbed. Davis was taken to a hospital. He later identified the appellant, who was brought before him by policemen, as the person who had hit him earlier that night.

During the trial, Maudene took the stand to testify in her own behalf. She said she did not know the person who hit Davis. On cross-examination, the Commonwealth produced a signed statement made by Maudene. After some cross-examination on various statements reportedly made by Maudene, the entire statement was read and introduced as a Commonwealth exhibit. Appellant objected to the statement in so far as it related to him, but the entire statement was admitted into evidence by the trial court.

The pertinent portion of the statement is as follows:

"On Monday night, February 20th this year, about 8:15 P.M., I met a man at Harold's Tavern. We had a few drinks. He had beer and I had a coke. We talked for awhile and then we decided to leave and go to the West Main Grill. When we got there this fellow said he didn't like the looks of the place and wanted to go someplace else. On the way we went up Jefferson Street toward Short. By this time this man decided he wasn't hungry and wanted to get

a room. He said he was tired. As we turned off of Jefferson Street towards Broadway on Short, another man came up from behind us and struck the man I was with with something, I didn't see what. When this happened I took off running. The man I was with was later told to me his name is Virgil Davis, Jr., and the man that hit him was James R. Benson. This is all I know about what happened."

Appellant contends that the trial court committed prejudicial error by permitting the above statement of the codefendant to be introduced.

Maudene. denied at the trial that she had made any statement that appellant was the one who hit Davis.

■ Considering the statement by Maudene that "The man I was with was later told to me his name is Virgil Davis, Jr. and the man that hit him was James R. Benson," it can readily be seen that Maudene was saying that *someone* had told her that it was "Virgil Davis, Jr." and that *someone* had told her that the man who hit Davis was "James R. Benson." This in itself would not make the statement inadmissible. The real problem is presented by the question of who told Maudene about Davis and the appellant, James R. Benson. The statement does not say that the victim, Virgil Davis, Jr., told her that he was hit by James R. Benson. Maudene testified that she did not even know Virgil Davis, Jr., or his name, and that she did not know James R. Benson, or his name, prior to the episode. We do not know and the trial court did not know who revealed this information to Maudene.

Appellee cites Jett v. Commonwealth, Ky., 436 S.W.2d 788, as authority for the contention that the admission of the statement of Maudene was not reversible error.

The facts in the instant case do not bring it within Jett. In Jett, we said:

"When both the person who is said to have made the out-of-court statement and the person who says he made it appear as witnesses under oath and subject to cross-examination there is simply no justification for not permitting the jury to hear, as substantive evidence, all they both have to say on the subject and to determine wherein lies the truth. The direct and sensible approach set forth in the Model Code of Evidence and the Uniform Rules of Evidence eliminates the necessity of distinguishing between a 'contradiction' and that which from a technical standpoint is not so much contradictory as it is supplementary—that is, between 'positive' and 'negative' testimony given by the first witness. We are of the opinion that when a witness has testified about some of the facts of a case the jury should know what else he has said about it, so long as it is relevant to the merits of the case as distinguished from collateral issues. * * *"

■ One requirement of Jett for admission of a prior inconsistent statement of a witness is that the declarant be present in court and subject to cross-examination. A second requirement is that a proper foundation be laid before the statement may be introduced. A third requirement is that the contents of the statement would be admissible evidence if the declarant had so testified. Here, the contents of the statement would not have been admissible evidence if the declarant had undertaken to so testify. Therefore, the admission into evidence of the contents of the statement as substantive evidence constituted prejudicial error under the circumstances presented.

The judgment is reversed.

All concur.